PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENDAL DOTSON, ) | |
| ) | CASE NO. 4:20CV0974 |
| Petitioner, ) | (4:19CR0307) |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF Nos. 30, 35, and 47] |

Pending is *Pro Se* Petitioner Kendal Dotson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 30).[1] Also pending are Petitioner's Motion to Amend Motion Before the Court Under § 2255 (ECF No. 35) and Motion to Make a Ruling (ECF No. 47). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons stated below, the § 2255 motion (ECF No. 30), as amended to add Grounds Five and Six, is denied.

**I. Background**

In March 2019, Ohio Adult Parole Authority officers conducted a home visit on Petitioner at the address where he lived. After knocking on the front door for several minutes, Petitioner's stepdaughter opened the door and advised that he was upstairs. Petitioner came downstairs and met with the officers. A search of the residence was conducted. A backpack, located on the floor near the bed in Petitioner's bedroom, contained 10 rounds of .40 caliber

---

[1] Unless otherwise indicated, the docket references will be to the criminal case, not the related civil case, 4:20CV0974.

(4:20CV0974)

ammunition in the front pocket. A glass jar containing a box of .9 mm ammunition and one round of .40 caliber ammunition was located within the bedroom closet. A search of the adjacent bedroom that was used by a teenage daughter of Petitioner's girlfriend revealed a loaded .40 caliber pistol that was located beneath the mattress. Petitioner's girlfriend adamantly denied that her daughter would have a firearm in her room. The firearm was queried for a stolen record and it was found to be stolen out of Mercer County, Pennsylvania. Therefore, the firearm and ammunition traveled in and affected interstate commerce.

In May 2019, a federal grand jury in the Northern District of Ohio returned a one-count Indictment (ECF No. 1) against Petitioner. Petitioner was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), with a forfeiture provision.

Petitioner subsequently pleaded guilty with a written Plea Agreement (ECF No. 21) to the Indictment (ECF No. 1). *See* Transcript of Change of Plea Proceedings (ECF No. 33); Minutes of proceedings [non-document] dated July 24, 2019. As part of the Plea Agreement, Petitioner acknowledged the elements of the crime to which he was pleading are:

| Title 18 U.S.C. § 922(g)(1): Possession of Firearm and/or Ammunition by Convicted Felon |
|---|
| 1: Defendant was convicted of a crime punishable by imprisonment for more than one year and knew he had been convicted; |
| 2: Following Defendant's conviction, Defendant knowingly possessed a firearm and/or ammunition; and |
| 3: The specified firearm and/or ammunition crossed a state line prior to Defendant's possession. |

ECF No. 21 at PageID #: 54, ¶ 10. In the "Factual Basis and Relevant Conduct" section of the Plea Agreement, Petitioner admitted to knowingly possessing a firearm and ammunition, and doing so while knowing he had been previously convicted of felony offenses. *See* ECF No. 21 at

(4:20CV0974)

PageID #: 57-58.[2]  The Plea Agreement also included a waiver of Petitioner's right to collaterally attack his sentence, except to raise claims of ineffective assistance of counsel or prosecutorial misconduct:

> **WAIVER OF APPEAL AND POST-CONVICTION ATTACK**
> 19.    Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  Defendant expressly and voluntarily waives those rights, except as specifically reserved below.  Defendant reserves the tight to appeal:  (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category.  Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 21 at PageID #: 56.[3]  Petitioner knowingly and voluntarily waived his right to file a § 2255 motion, except if the Court's sentence at the time of sentencing exceeded the statutory or guidelines maximum, or the Court's determination of the criminal history category, or in instances of ineffective assistance or prosecutorial misconduct.  *See Portis v. United States*, 33 F.4th 331, 337 (6th Cir. 2022) ("The only fair reading of a 'statutory maximum' carve-out that

---

[2] Petitioner initialed the pages.

[3] Petitioner also initialed this page.  Later, Petitioner signed his name below an acknowledgment that reads:
> I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney.  I have initialed each page of the agreement to signify that I understand and approve the provisions on that page.  I am entering this agreement voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

ECF No. 21 at PageID #: 61.

(4:20CV0974)

comes with a collateral-attack waiver is that it applies only to sentences that exceed the statutory maximum at the time of the sentence."). A defendant may waive any right including the right to bring future post-conviction challenges if he relinquishes that right knowingly and voluntarily in a plea agreement. *Portis*, 33 F.4th at 334-35 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). The terms of the plea agreement and "the colloquy at the change of plea hearing" are highly probative factors in a knowledge/voluntariness inquiry, *United States v. Ferguson*, 669 F.3d 756, 765 (6th Cir. 2012), and both factors suggest a knowing and voluntary waiver took place in the case at bar.

The Government's attorney summarized the elements of the offense during the Change of Plea hearing. *See* ECF No. 33 at PageID #: 158. Next, the following discussion was had:

> THE COURT: So we're at the top of page 4, the box under paragraph 10, Mr. Dotson.
> Those three elements, do they match your behavior leading to the charge against you in the indictment of being a felon in possession?
> THE DEFENDANT: Yes, ma'am.

ECF No. 33 at PageID #: 158. During the plea colloquy with the Court, Petitioner, while under oath, reaffirmed his admissions in the "Factual Basis and Relevant Conduct" section of the Plea Agreement (ECF No. 21) that he knowingly possessed a firearm and ammunition and did so while knowing he had been previously convicted of felony offenses:

> THE COURT: . . . What's summarized in that section, sir, does it accurately reflect your behavior leading to the charge against you in the indictment?
> THE DEFENDANT: Yes, ma'am.

ECF No. 33 at PageID #: 171.

The Court also had the following discussion with Petitioner before accepting his guilty plea:

(4:20CV0974)

> THE COURT: . . . So at page 6, under waiver of appeal and post-conviction attack section, it tells me here that you have agreed to waive many of your appellate rights, but not all of them.
> Certainly, you've kept your right to appeal any sentence in excess of the statutory maximum; like I just mentioned, 120 months. If I give you a longer sentence than that, you can appeal it.
> Right?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: You've kept the right to appeal any sentence outside of the range that I agree is the correct one. So if I believe that the range is correct at 70 to 87 months, for example, but I give you a 90-month sentence, you can still appeal that.
> You understand?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And it is, at item (c), apparent that you can appeal my determination of the criminal history category. So if I find that you're a V and you have good reason to believe that you really are a IV, you can still appeal that.
> Do you understand?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And, of course, you keep the right to appeal any allegations of ineffective assistance of counsel or prosecutorial misconduct.
> Do you see it in the same way?
> THE DEFENDANT: Yes, ma'am.

ECF No. 33 at PageID #: 168-69; *see* Fed. R. Crim. P. 11(b)(1)(N) (before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands the terms of any provision in the plea agreement "waiving the right to appeal or to collaterally attack the sentence"). Petitioner signed the plea agreement and affirmed in open court and under oath that he understood the rights he was waiving. Sworn statements made "in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The matter was set for sentencing before the undersigned on December 19, 2019. *See* Non-document Order dated October 15, 2019. A final Presentence Investigation Report ("PSR") was filed in December 2019. Petitioner was subject to a maximum term of imprisonment of 10 years. The PSR calculated Petitioner's total offense level as 17, based on a 2-level stolen-firearm enhancement under U.S.S.G. § 2K2.1(b)(4)(A), a 4-level enhancement for possessing a firearm

(4:20CV0974)

and ammunition in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B), and a three-level reduction for acceptance of responsibility. With a criminal history category of V, the U.S. Pretrial & Probation Officer calculated Petitioner's advisory guideline range as 46 to 57 months' imprisonment.

In December 2019, the undersigned sentenced Petitioner to a term of 46 months. Petitioner was also sentenced to three years of supervised release. *See* Judgment in a Criminal Case (ECF No. 27); Non-document Minutes of proceedings dated December 19, 2019.[4] Petitioner was advised of his right to appeal, however, he did not appeal to the United States Court of Appeals for the Sixth Circuit.

---

[4] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/) (last visited Sept. 8, 2023), Plaintiff is no longer a federal inmate. He was released on July 1, 2022. Although Petitioner has been released from the custody of the BOP, he is currently serving a term of supervised release. Consequently, he is still "in custody" for purposes of § 2255. *See United States v. Zack*, No. 98-1526, 1999 WL 96996 (6th Cir. Feb. 1, 1999) ("A defendant serving a term of supervised release is "in custody" for the purposes of § 2255.") (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997), and *United States v. Essig*, 10 F.3d 968, 970 n. 3 (3d Cir.1993), *superseded on other grounds by rule*, 3d Cir. L.A.R. 31.3 (2002), *as recognized in United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012)); *United States v. Hinson*, Nos. 2:02-CR-22, 2:12-cv-346, 2015 WL 5712767, at *4 (E.D. Tenn. Sept. 29, 2015) ("As a general matter, the Court finds that Hinson's § 2255 motion is not moot even though he has been released from the physical custody of BOP. Hinson is still 'in custody' for purposes of § 2255 because he is serving a term of supervised release.") (citing *Zack, supra*).

(4:20CV0974)

On April 29, 2020,[5] Petitioner timely filed[6] the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 30). At the time, Petitioner was incarcerated in the Federal Correctional Institution in Beaver, West Virginia ("FCI Beckley"). Petitioner sets forth four grounds in support of the within motion and argues that he is actually innocent of the crime of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), because he did not know of his prohibited status and because he did not know each of the elements:

>Ground One: "I never possesse[d] a firearm," as charged in the Indictment (ECF No. 1);

>Ground Two: "Actually innocent not knowing possession of ammunition and a firearm" because he did not know his status as a felon at the time of his offense;

>Ground Three: "My plea was involuntary [due] to I plead out to 3 elements of the crime[,] but the crime includes 4 to be guilty;" and,

>Ground Four: "I did not know I was committing a crime."

*See* ECF No. 30 at PageID #: 125; 126; 128; 129.

---

[5] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Even though the Court did not receive the petition until May 4, 2020, Petitioner dated his petition on April 29, 2020. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

[6] The "one-year period of limitation" for a defendant to file a § 2255 motion begins to run from the latest of four triggering events. 28 U.S.C. § 2255(f). If a defendant does not file an appeal, his judgment becomes final after his time to file a notice of appeal expires. *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). ECF No. 27 was entered December 20, 2019, and became final on January 3, 2020, when Petitioner did not file an appeal.

(4:20CV0974)

On May 18, 2020, Petitioner filed a Motion to Amend (ECF No. 35), which seeks to add two more grounds to his § 2255 motion (ECF No. 30) because he did not know of his prohibited status:

Ground Five: "Defective Indictment" and

Ground Six: "Plea colloquy [was] improper."

ECF No. 35 at PageID #: 189; 190. According to the Sixth Circuit, "[a] motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading should be 'freely give[n] . . . when justice so requires." *United States v. Clark*, 637 Fed.Appx. 206, 208 (6th Cir. 2016) (quoting Rule 15(a)) (alteration in original). ECF No. 35 was filed within the one-year statute of limitations and thus will be considered alongside Petitioner's initial motion (ECF No. 30). *See* 28 U.S.C. § 2242 (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Anderson v. United States*, 39 Fed.Appx. 132, 136 (6th Cir. 2002).

## II. Discussion

### A. Section 2255 Legal Standards

As stated by the United States Court of Appeals for the Sixth Circuit:

> . . .To obtain relief under § 2255, the movant "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' " *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see* 28 U.S.C. § 2255(b).

*Nix v. United States*, No. 20-6218, 2022 WL 815539, at *1 (6th Cir. March 15, 2022).

(4:20CV0974)

### B. Evidentiary Hearing

"Where a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, . . . no hearing of any kind is required[,]" including an evidentiary hearing. *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (citing *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984)). The Court finds that the within motion may be resolved without an evidentiary hearing because the files and records in this case conclusively show that Petitioner is not entitled to relief under § 2255. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

### C. Grounds Asserted in the § 2255 Motion

#### 1. Petitioner has waived his ability to make these claims.

Given that Petitioner has knowingly and voluntarily waived his ability to prosecute the grounds asserted in ECF Nos. 30 and 35, this matter will be dismissed. The Sixth Circuit has repeatedly made clear that a Petitioner's waiver of the right to appeal his conviction or sentence will be upheld so long as the waiver is knowing, intelligent, and voluntary. *See, e.g.*, *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005) (enforcing waiver of right to appeal); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) (holding that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable).

#### 2. Petitioner's claims are not cognizable under 28 U.S.C. § 2255.

As stated in *Watkins v. United States*:

> It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*[,] 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

(4:20CV0974)

Nos. 5:11CR0536, 5:19CV2427, 2019 WL 6170832, at *2 (N.D. Ohio Nov. 20, 2019).

Petitioner has failed to demonstrate any extraordinary circumstances warranting a collateral attack on his conviction or sentence. To the contrary, as set forth in more detail below, the challenges raised in the § 2255 motion (ECF No. 30) and Motion to Amend (ECF No. 35) relate to issues specifically addressed in his Plea Agreement (ECF No. 21) and during his Change of Plea hearing: whether he possessed a firearm (Ground One); whether he understood the elements (Grounds Two, Three, and Four); and whether his Indictment (ECF No. 1) and the colloquy at the Change of Plea hearing were adequate (Grounds Five and Six). Having had the opportunity to raise his challenges with the district court, and had the opportunity (though waived) to raise these issues on direct appeal, Petitioner cannot now show a complete miscarriage of justice in being denied the opportunity to raise them here. Accordingly, insofar as ECF Nos. 30 and 35 raise challenges as to the facts and Petitioner's understanding of the law, they will be denied because those claims are not cognizable. *See, e.g.*, *Byrd v. United States*, No. 93-2164, 1994 WL 84743, at *2 (6th Cir. March 11, 1994) (order) (objection to the calculation of petitioner's base offense level is not cognizable in a motion to vacate under § 2255 because it is not an issue of constitutional dimension).

        **3.     Even if the Court reached the merits of Petitioner's claims, each would fail.**

Petitioner's § 2255 motion, as amended to add Grounds Five and Six, present six (6) grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. Assuming *arguendo* that Petitioner's claims are not barred by his collateral-attack waiver, none of the grounds merit an evidentiary hearing or relief under 28 U.S.C. § 2255 for the reasons set forth below.

(4:20CV0974)

### a. Ground One

Petitioner asserts in Ground One that he never possessed a firearm.[7] This is contrary to the Plea Agreement (ECF No. 21) and his sworn statements made during the Change of Plea hearing. In the "Factual Basis and Relevant Conduct" section of the Plea Agreement, Petitioner admitted to knowingly possessing a firearm. *See* ECF No. 21 at PageID #: 57-58. During the plea colloquy with the Court, Petitioner reaffirmed his admissions in the "Factual Basis and Relevant Conduct" section of the Plea Agreement (ECF No. 21) that he knowingly possessed a firearm. ECF No. 33 at PageID #: 171. He did so after the following exchange occurred between his counsel and the undersigned:

> THE COURT: . . . Any corrections or additions to that factual basis, relevant conduct summary, Ms. Kotnik?
> MS. KOTNIK: No, Your Honor.
> Just we also discussed what's the difference between actual possession and constructive possession, and he agrees with it.

ECF No. 33 at PageID #: 171. Therefore, Ground One is lacking in merit.

### b. Ground Two

In Ground Two, Petitioner argues he is actually innocent of being a felon in possession of a firearm and ammunition because he did not know his status as a felon at the time of his offense. Similar to his claim in Ground One that he never possessed a firearm, Petitioner's admissions run directly contrary to his argument in Ground Two. In the "Factual Basis and Relevant Conduct" section of the Plea Agreement, Petitioner admitted that he had knowingly possessed the firearm

---

[7] Possession of ammunition that traveled in interstate commerce, in and of itself, is a basis for this particular conviction for the federal crime of being a felon in possession of a firearm and ammunition. *See, e.g.*, *United States v. Massey*, No. 1:16CR0197, 2017 WL 427241, at *2 (N.D. Ohio Feb. 1, 2017) (defendant charged with being a felon in possession of a firearm and ammunition "can be convicted of being a felon in possession of the ammunition alone").

(4:20CV0974)

and ammunition and had done so "while knowing he had been convicted of the felony crimes [of] . . . Conspiracy to Distribute and Possess with intent to Distribute Cocaine Base 'Crack' [and] Possession of Heroin. . . ." ECF No. 21 at PageID #: 57-58.  During the colloquy at the Change of Plea hearing, Petitioner reaffirmed his admissions in the "Factual Basis and Relevant Conduct" section of the Plea Agreement (ECF No. 21) that he had knowingly possessed a firearm and ammunition and did so while knowing he had been previously convicted of the same felony crimes listed above.  ECF No. 33 at PageID #: 170-71.  Therefore, Ground Two lacks merit.

### c. Ground Three

Petitioner contends in Ground Three that his guilty plea was involuntary "[due] to I plead out to 3 elements of the crime[,] but the crime includes 4 to be guilty."  According to Petitioner, he "did not have [a] full understanding of [his] crime."  ECF No. 30 at PageID #: 128.  This claim appears to be based upon the June 2019 decision of the Supreme Court in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  In *Rehaif*, the Supreme Court held that defendants do not violate 18 U.S.C. § 922(g)(1) unless they *know* that they have been convicted of a crime punishable by more than one year in prison when they possess firearms.  *Id.* at 2196.  As the Supreme Court explained,

> The question here concerns the scope of the word "knowingly."  Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?  We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Id.* at 2194.  *Rehaif* announced, for the first time, that the Government's burden to prove a § 922(g) offense includes showing that the defendant was aware of his "relevant status," meaning

(4:20CV0974)

that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Id.* The government typically will not face much difficulty proving *Rehaif*'s knowledge element. *See id. at 2198*. Indeed, defendants commonly stipulate at trial to their status as felons so that the jury does not learn easy-to-prove (yet highly prejudicial) evidence about their past crimes. *See Old Chief v. United States*, 519 U.S. 172, 180-92 (1997). It is thus the rare case in which *Rehaif* will alter a defendant's calculus about whether to plead guilty or stand trial. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).[8]

Ground Three fails for the same reasons as discussed above regarding Ground Two. Specifically, the Plea Agreement (ECF No. 21) lists the elements of the offense to which Petitioner was pleading. It states for element one: "Defendant was convicted of a crime punishable by imprisonment for more than one year *and knew he had been convicted*." ECF No. 21 at PageID #: 54, ¶ 10. The Government's attorney also summarized the elements of the offense during the Change of Plea hearing. *See* ECF No. 33 at PageID #: 158. Petitioner then acknowledged that the elements "match[ed his] behavior leading to the charge against [him] in the indictment for being a felon in possession." ECF No. 33 at PageID #: 158.

As stated above, in the "Factual Basis and Relevant Conduct" section of the Plea Agreement, Petitioner admitted that he had knowingly possessed the firearm and ammunition and

---

[8] ECF No. 47 has also been treated as a Notice of Supplemental Authority. If pertinent and significant authorities come to a party's attention after the party's brief has been filed, a party may promptly advise the Court by serving and filing a Notice of Supplemental Authority that sets forth the citations. *See, e.g.*, Fed. R. App. P. 28(j). Petitioner cites *United States v. Gary*, 954 F.3d 194, 200-208 (4th Cir. 2020) (determined that a standalone *Rehaif* error satisfies plain error review by a Court of Appeals because such an error was structural, which per se affects a defendant's substantial rights) in support of his argument. *See* ECF No. 47 at PageID #: 293. In *Greer*, the Supreme Court reversed the Fourth Circuit's judgment.

(4:20CV0974)

had done so "while knowing he had been convicted of the felony crimes [of] . . . Conspiracy to Distribute and Possess with intent to Distribute Cocaine Base 'Crack' [and] Possession of Heroin. . . ." ECF No. 21 at PageID #: 57-58. During the plea colloquy with the Court, Petitioner reaffirmed his admissions in the "Factual Basis and Relevant Conduct" section of the Plea Agreement (ECF No. 21) that he had known of his prohibiting offenses at the time he knowingly possessed a firearm and ammunition. ECF No. 33 at PageID #: 170-71. Given all of the above, Petitioner cannot claim error in his plea agreement when what he now complains of was specifically addressed and acknowledged multiple times in both the Plea Agreement, *see* ECF No. 21 at PageID #: 54, ¶ 10; 57-58) and the colloquy at the Change of Plea hearing, *see* ECF No. 33 at PageID #: 158; 170-71.

### d. Ground Four

In Ground Four, Petitioner claims "[he] did not know [he] was committing a crime" because "[he] did not understand the nature of [his] crime until he read [*Rehaif*]." ECF No. 30 at PageID #: 129; 130. This ground is insufficient to state a valid claim under § 2255 and will be denied because it only makes conclusory allegations without supporting factual averments. *See Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) ("[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.") (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013).

Assuming Petitioner is asserting that the Government had to prove that he knew it was illegal to possess a firearm or ammunition, that simply is not true, as it is not one of the elements of the crime of felon in possession. *See Rice v. United States*, Nos. 1:20-CV-336, 1:18-CR-184, 2022 WL 1416371, at *4 (E.D. Tenn. May 4, 2022) ("The law simply does not require that Petitioner knew his possession of a firearm was unlawful."). If he is arguing that he did not

(4:20CV0974)

know of the requirement, as set forth for the first time in *Rehaif*, that the Government prove Petitioner was aware of his "relevant status," *i.e.*, that he knew he previously had been convicted of felony offenses, this also fails for the reasons discussed above. This part of the first element of the crime was addressed several times, and acknowledged by Petitioner several times, both in the Plea Agreement (ECF No. 21) and during the plea colloquy with the Court. Based on his own statements, while under oath, Petitioner cannot now say he did not understand the crime. Therefore, Ground Four is lacking in merit.

### e. Grounds Five and Six

Petitioner maintains in Ground Five that the Indictment (ECF No. 1) was deficient because it did not allege that Petitioner knew he previously had been convicted of felony offenses, which requirement was first enunciated in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In Ground Six, Petitioner asserts the colloquy at the Change of Plea hearing was improper. According to the Government, Petitioner's claims fail because of the general rule that "a guilty plea admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *United States v. Patton*, No. 98-3217, 1999 WL 98516 (6th Cir. Jan. 28, 1999) (citing *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973)). Because the Indictment's (ECF No. 1) non-inclusion of the "knowledge-of-status" element required by *Rehaif* (proving that Petitioner knew that he had "been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year.") was non-jurisdictional, the Government argues Petitioner's valid guilty plea cures any errors. *United States v. Hobbs*, 953 F.3d 853, 856-57 (6th Cir. 2020). *See* Reply in Opposition (ECF No. 37) at PageID #: 206.

(4:20CV0974)

Nevertheless, Petitioner faces a different procedural obstacle to raising his *Rehaif* claim in a § 2255 motion. He did not assert this claim during the Change of Plea hearing, Sentencing Hearing or on appeal from his conviction. *Cf. Greer*, 141 S. Ct. at 2096-2100. His criminal case has thus become final. *See United States v. Frady*, 456 U.S. 152, 165 (1982). "Under the Supreme Court's procedural-default rule, [Petitioner]'s failure to raise his *Rehaif* claim during the "main event" (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion." *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing *Coleman v. Thompson*, 501 U.S. 722, 747 (1991); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Petitioner does not dispute that he defaulted his *Rehaif* claim. More importantly, he makes no argument that he can show "cause and prejudice" sufficient to excuse the default. Therefore, the procedural default bars the *Rehaif* claim.

### III. Conclusion

Accordingly, the Court finds that Petitioner fails to demonstrate any ground on which he is entitled to relief under § 2255. Petitioner Kendal Dotson's Motion to Amend Motion Before the Court Under § 2255 (ECF No. 35) to add Grounds Five and Six is granted. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 30), as amended to add Grounds Five and Six, is denied. Petitioner's Motion to Make a Ruling (ECF No. 47) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

(4:20CV0974)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Kendal Dotson, 628 Hazelwood Street, Youngstown OH 44509.[9]

IT IS SO ORDERED.

| | |
|---|---|
|    September 8, 2023 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[9] Petitioner never filed a notice of change of address with the Clerk of Court after being released from the BOP. This address was provided to the Court by a U.S. Pretrial and Probation Officer in June 2023.